United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re: | Case No. 09 B 44925 |
| Leonard R. Flowers | Chapter 7 |
| Debtor. | Judge: Jack B. Schmetterer |

# MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO AVOID LIEN OF JUDGMENT CREDITOR BELL AUTO FINANCE [DKT. NO. 70]

Leonard R. Flowers ("Debtor") has moved to avoid the lien of judgment creditor Bell Auto Finance ("Bell").

For the reasons discussed below, Debtor's motion will be denied.

## UNDISPUTED FACTS

1. On July 21, 2009, the Circuit Court of Cook County entered a judgment against Debtor and in favor of Bell in the amount of $8,241.00 plus costs. (Dkt. No. 70.)

2. On July 30, 2009 Bell filed a Memorandum of Judgment as document number 0921139021 with the Cook County Recorder of Deeds against real property at 20849 Corinth Road, Olympia Fields, Illinois 60462 (the "Property"). (Dkt. No. 76.)

3. The Property has been held in an Illinois Land Trust with Chicago Title Land Trust to Bridgeview Bank and Trust Company since April 3, 1990 under the Trust Number 1-1881. (Dkt. No. 76.)

4. Post-judgment, Bell pursued other proceedings against Debtor, including serving the debtor with a Citation to Discover Assets on November 9, 2009. (Dkt. No. 75.)

5. On November 25, 2009, debtor filed a petition pursuant to Chapter 13 of Title 11 of the United States Bankruptcy Code. (Dkt. No. 1.)

6. Bell filed its Proof of Claim as a secured creditor on February 10, 2010. (Dkt. No. 75.)

7. On March 21, 2012, Debtor converted his case from Chapter 13 to Chapter 7. (Dkt. No. 36.)

8. This court entered a discharge order in the Debtor's Chapter 7 case on June 25, 2012. (Dkt. No. 51.)

9. On June 30, 2016 Debtor was served with Notice and Petition for Revival of Bell's judgment. (Dkt. No. 75.)

10. On July 20, 2016, Bell appeared before the Cook County court on its Motion for Revival. No one appeared on behalf of the Debtor and the motion was granted. (Dkt. No. 75.)

11. On March 30, 2017, Debtor's Chapter 7 case was reopened in order to file its Motion to Avoid Bell Auto Finance's Judgment Lien. (Dkt. No. 56.)

12. Debtor did not move to avoid any lien created by service of the Citation.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (K) and (O).

## DISCUSSION

Avoidance of liens is governed by 11 U.S.C. § 522(f). A debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f). The party moving to avoid the lien bears the burden of proof. 11 U.S.C. § 522(f)(1)(A).

In his initial Motion, Debtor argues that he never had legal or equitable title to the Property and that a judgment creditor's lien against a beneficiary does not affect property held in a land trust. (Dkt. No. 70.) In its Response, Bell asserts that even though Debtor was never legal title holder to the Property, the lien should not be avoided. (Dkt. No. 75.) Bell contends that pursuant to Illinois law, a beneficial interest in a land trust constitutes personal property of the Debtor, and that a Citation lien was created on November 9, 2009 that continues to have legal effect against Debtor's personal property. (Dkt. No. 75.) In his Reply, Debtor contends that he is still treated as the true owner of the land trust property under Illinois law and lawfully exempted his beneficial interest under the Illinois Homestead Exemption statute. (Dkt. No. 76.)

### A. Bell's Citation Lien On Debtor's Beneficial Interest Has Not Terminated

Debtor argues that Bell's lien created by the Citation to Discover Assets served upon him on November 9, 2009 does not affect his beneficial interest in the land trust and, alternatively, that the Citation lien has since terminated. Debtor has correctly stated that under Illinois law, a creditor's lien does not attach to the title of property held in trust. Chicago Title & Tr. Co. v. Mercantile Tr. & Sav. Bank, 20 N.E.2d 992, 996 (Ill. App. Ct. 1939). However, as the Debtor indicates in its Reply, Illinois law treats beneficial interests in land trusts as personal property. Bennett v. Chicago Title and Trust Co., 20 N.E.2d 992, 996. Pursuant to 735 ILCS 5/2-1402(m)(1), once a Citation to discover assets is served, all personal property belonging to the debtor becomes subject to the creditor's Citation lien. In *In re Barone*, the Seventh Circuit held that personal property within the meaning of the Illinois statute included beneficial interests in Illinois land trusts. 184 B.R. 747, 749 (N.D. Ill. 1995).

Thus, in the instant case, while Bell's judgment lien filed against the Property on July 30, 2009 cannot reach the title to the trust property, its Citation lien reaches Debtor's beneficial interest in the land trust as personal property pursuant to 735 ILCS 5/2-1402(m)(1), so long as the Citation lien has not terminated.

The termination of a Citation lien is governed by Illinois Supreme Court Rule 277(f) which states that a Citation proceeding will continue until (1) the judgment creditor moves to terminate the proceeding, the court so orders it or judgment is satisfied (2) automatically, within 6 months of the respondent's first personal appearance pursuant to the Citation or (3) automatically, within 6 months of the respondent's first personal appearance pursuant to subsequent process to enforce the Citation. Il. Sup. Ct. R. 277(f). The Seventh Circuit applied this statute to a similar situation involving a debtor's beneficial interest in a land trust. Barone, 184 B.R. 749-750. In that case, the Seventh Circuit held that because no event occurred which would have terminated the Citation proceeding pursuant to Illinois Supreme Court Rule 277(f), that the Citation lien had not terminated. *Id.* at 750.

As Bell indicated in its Response, it never moved to terminate the Citation and Debtor never personally appeared pursuant to the Citation. (Dkt. No. 75.) Thus, upon Bell's revival of the judgment on July 20, 2016, the Citation lien continued in all of Debtor's nonexempt personal property. (Dkt. No. 75.)

### B. Debtor Properly Exempted His Beneficial Interest In The Illinois Land Trust Pursuant To The Illinois Homestead Exemption Statute

Debtor next argues that even if the Citation lien continues with regards to his beneficial interest in the land trust, that interest can be, and has been, exempted pursuant to 735 ILCS 5/12-901, more commonly known as the homestead exemption. Under that statute, the Debtor is permitted to exempt $15,000 in value of his interest in personal property owned by him that he uses as a residence. 735 ILCS 5/12-901. In *In re Ross*, this court held that "[t]he current law specifically permits a homestead exemption in personal property . . . such as mobile homes and property titled in Illinois land trusts." 210 B.R. 320, 323 (Bankr. N.D. Ill. 1997); see also In re Farnik, 17 B.R. 856 (Bankr. N.D. Ill. 1982) (stating that the mortgagor's right of redemption was an interest in real

property to which the Illinois homestead exemption attached, and that interest remained with the mortgagor upon transfer to a land trust).

Pursuant to 735 ILCS § 5/2–1402(m), a Citation lien binds all "nonexempt personal property, including money, choses in action, and effects of the judgment debtor." 735 ILCS § 5/2–1402(m). Such a lien attaches to property including, "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." Cacok v. Covington, 111 F.3d 52, 54 (7th Cir. 1997). In *In re Kuzniewski*, the bankruptcy court emphasized that Citation liens attach only to non-exempt property in Illinois. 508 B.R. 678, 692 (Bankr. N.D. Ill. 2014). Prior to those exemptions being asserted, the creditor's Citation lien extended to all personal property of the debtor, even though the value of such property could not properly be determined. *Id.* Once the debtor had elected to exercise his exemptions, the court determined that it could avoid the lien as to the debtor's personal bank account. *Id.*

In the instant case, Debtor properly scheduled his beneficial interest in the Illinois land trust in question pursuant to the homestead exemption during his bankruptcy, and admits that there is no equity in the property. (Dkt. No. 1.) However, as *Kuzniewski* illustrated, courts may only avoid Citation liens to the extent that the personal property in question has been exempted by the debtor. Thus, while Bell's Citation lien continues on other personal property of the Debtor, according to the language of 735 ILCS 5/2-1402(m)(1), because the beneficial interest in the land trust is exempt, Bell's Citation lien will not be able to reach said beneficial interest.

## CONCLUSION

For the foregoing reasons, Debtor's Motion to Avoid Lien of Judgment Creditor Bell Auto Finance will be denied except as to the $15,000 beneficial interest in the Illinois land trust that Debtor has exempted.

ENTER:

_____

Jack B. Schmetterer

United States Bankruptcy Judge

Dated this ____ day of August, 2017